*In re* MARRIAGE OF RITA JANE COOK, n/k/a Rita Jane Chelstrom, Petitioner-Appellant, and MARVIN COOK, Respondent-Appellee.

Third District   No. 3—85—0627

Opinion filed September 8, 1986.

Douglas C. Scovil, of Ruud & Scovil, of Rock Island, for appellant.

Kenneth M. Collinson, of Collinson & Darrow, of Milan, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The marriage of petitioner-appellant, Rita Jane Cook Chelstrom, and respondent-appellee, Marvin Cook, was dissolved in 1978 and in 1979, Rita Jane was awarded custody of the parties' minor son, James. She was ordered to pay all child-support expenses.

On April 9, 1984, Rita Jane filed a petition for child support which was heard on June 6, 1984. On November 26, 1984, an order

was entered ordering Marvin to pay $35 per week for the support of James. Prior to this, on September 10, 1984, Marvin filed a petition for modification of judgment seeking custody of James and providing for visitation rights and financial support from Rita Jane.

On November 26, 1984, custody of James was changed *instanter* from Rita Jane to Marvin and the parties were ordered to work out a visitation schedule. A written order concerning the change in custody was filed January 2, 1985; however, the question of child support and visitation was reserved. On April 16, 1985, a temporary order was filed directing Rita Jane to pay $17.50 per week child support.

On July 12, 1985, an order was filed which, *inter alia,* denied Rita Jane's request to rule section 505 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 505), unconstitutional, and ordered her to pay $55 per week child support retroactive to January 11, 1985. Following several supplemental proceedings, Rita Jane filed the instant appeal.

Rita Jane presents the following issues for our determination:

(1) whether section 505 is unconstitutional in that it:

(a) is vague and ambiguous;

(b) is an incursion into the judicial branch of the government by the legislature contrary to article II, section 1, of the Illinois Constitution of 1970;

(c) is a denial of due process contrary to article I, section 2, of the Illinois Constitution of 1970;

(d) is a denial of equal protection of the law, contrary to article I, section 2, of the Illinois Constitution of 1970, and the fifth and fourteenth amendments to the United States Constitution;

(e) is invalid and special legislation contrary to article IV, section 13, of the Illinois Constitution of 1970; and

(2) whether the trial court abused its discretion in ordering the petitioner to pay $55 per week child support.

At the onset of our determination of the question of the constitutionality of section 505, we should note that the thrust of Rita Jane's argument is lodged against the 1984 amendment to section 505(a) which established certain support guidelines. Therefore, our decision will likewise be limited to this amendment.

Subsequent to the filing of the briefs in the instant case, a similar argument was made in a case whose facts parallel those in the present case. In *In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 492 N.E.2d 622, a custodial parent filed for modification of a child-support order. The circuit court entered judgment increasing the

noncustodial parent's support obligation after the petitioner had shown a substantial change in circumstances. The court found that the increase in support was justified in an amount authorized by section 505(a) of the Act. On appeal, the respondent raised the issue of the statute's constitutionality.

■ In *Blaisdell*, the court discussed the challenged statute, its legislative history, and the constitutional claims made by the respondent. The court found that the statute is not ambiguous nor does it violate the separation of powers doctrine, the prohibition against the enactment of special legislation, procedural or substantive due process, or equal protection. For the sake of brevity, we need not restate the basis of this decision but, rather, we adopt the reasoning of *Blaisdell* and also find no constitutional violations apparent in the statute.

■ Rita Jane's next contention is that the trial court abused its discretion in increasing child support from $17.50 per week to $55 per week. It is well settled that modification of child support lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *In re Bussey* (1985), 108 Ill. 2d 286, 483 N.E.2d 1229.

■ In the present case, the facts reveal Rita Jane was earning approximately $22,500 annually with a retroactive pay raise due in an amount ranging from $300 to $750 annually. Marvin was earning approximately $36,000 annually. Affidavits presented to the trial court indicate a weekly support expenditure of approximately $111 for James.

Rita Jane contends the trial court mechanically applied section 505(a)'s guidelines to her income without really considering the other factors in the section. There appears to be conflicting evidence as to how the trial court made its determination Rita Jane should pay $55 per week. This figure closely approximates 20% of her net earnings and it also represents approximately 50% of James' approximate weekly support expenditures.

While the trial court's order states that all relevant factors pursuant to section 505(a)(1) through (a)(5) were considered, comments made during the hearings appear to indicate otherwise. We question whether a finding of equal support by both parents is a true representation of an analysis of the financial needs and resources of both parents. Here, Marvin was earning approximately 60% more than Rita Jane yet each was to provide the same amount of support for James. Furthermore, just prior to the custody change the trial court ordered Marvin, with a higher income than Rita Jane, to only pay her $35-per-week child support.

We believe the trial court abused its discretion in ordering Rita Jane to pay $55-per-week child support and for the foregoing reasons we reverse and remand this case for reconsideration.

Reversed and remanded.

SCOTT, P.J., and BARRY, J., concur.