*In re* MARRIAGE OF JANICE L. CORNALE, Petitioner-Appellant, and DAVID M. CORNALE, Respondent-Appellee.

Fourth District   No. 4—89—0868

Opinion filed June 27, 1990.

Leonard F. Sacks, of Sacks & Albrecht, of Kankakee, for appellant.

Fellheimer, Travers & Engelman, Ltd., of Pontiac (William H. Bertram, of counsel), for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Respondent, David Cornale, was awarded child support from his former wife, Janice Cornale, for their daughter, Ann. Janice appeals this order.

Janice and David were divorced in September 1975, and Janice was awarded custody of their two minor children, David Jr. and Ann. David Jr. entered college in 1988, and the parties reached an agreement as to the payment of his expenses. In October 1989, David was awarded custody of Ann pursuant to another agreement.

At the hearing in October 1989 on the issue of Janice's child support obligation for Ann, Janice testified that her monthly income was $1,872 and her monthly expenses were $1,820. These monthly expenses consisted on $450 for groceries, $40 for automobile insurance, $18.95 for basic cable television, $34.72 for the sewer bill, $30 for the water bill, $70 for the electric bill, $45 for the gas bill, $50 for the telephone bill, $461 for the house payment, $265.58 for a payment on investment property, $100 for the Visa bill, $140 for transportation expenses, and $40 for health insurance for the children and herself. Janice had been employed by Commonwealth Edison for the past 11 years and was earning $16.32 per hour. In addition, Janice worked as a waitress on a part-time basis, but she was thinking about quitting this job.

David testified that he earned $50,500 in 1988 and received a 3% raise in 1989. Since Ann had been residing with him, David had spent approximately $500 on her clothing and had been paying her medical bills.

David stated that he holds $8,000 in a savings account and has a retirement account from which he can obtain $65,000. His present wife works 21 hours a week for $8 per hour. David and his wife live in a home worth $60,000, which has a $15,000 mortgage on which he pays $200 per month.

In addition, David owns $25,000 in stock, and has a Corvette worth approximately $12,000 to $14,000 as an investment. David testified he had recently purchased a 1989 Ford for $5,000 in cash. He also testified that if he received child support in excess of what Ann needed, he would deposit it into a savings account for future use.

The circuit court found that the disparity in the parties' income, $50,000 versus $34,000, was not large and that neither party lived in poverty. After determining that Janice's net weekly income was $504,

the circuit court ordered child support payments in the amount of $90 per week. The court believed that there was "no great reason for going below the statutory minimum" child support payment. However, the trial court decided to deviate slightly from the statutory minimum because of the real estate investment Janice is committed to.

■■ Section 505(a) of the Illinois Marriage and Dissolution of Marriage Act (Act) states the following:

"(1) The court shall determine the minimum amount of support by using the following guidelines:

| Number of Children | Percent of Supporting Party's Net Income |
|---|---|
| 1 | 20% |
| 2 | 25% |
| 3 | 32% |
| 4 | 40% |
| 5 | 45% |
| 6 or more | 50% |

(2) The above guidelines shall be applied in each case unless the court, after considering evidence presented on all relevant factors, finds a reason for deviating from the guidelines. Relevant factors may include but are not limited to:

(a) the financial resources of the child;

(b) the financial resources and needs of the custodial parent;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child, and his educational needs; and

(e) the financial resources and needs of the non-custodial parent." Ill. Rev. Stat. 1987, ch. 40, par. 505(a).

Janice first alleges that the circuit court erred in calculating her net income. Specifically, Janice claims that the circuit court declined to subtract Janice's monthly payment of $265.58 for a real estate investment in arriving at her net income.

■■ ■ Section 505(3)(h) of the Act exempts "[e]xpenditures for repayment of debts that represent reasonable and necessary expenses for the production of income" from a parent's net income for the purpose of calculating child support. (Ill. Rev. Stat. 1987, ch. 40, par. 505(3)(h).) Janice admitted that she purchased the real estate for either investment or retirement. The record contains no indication that these payments were reasonable and necessary for the production of

Janice's income. The property apparently produces no income at the present time. As such, the circuit court did not err when it declined to deduct Janice's monthly payments for this property in calculating her net income. *In re Marriage of Lefler* (1988), 185 Ill. App. 3d 677, 684-85, 542 N.E.2d 1, 5.

Janice also contends that the circuit court abused its discretion in requiring her to pay $90 per week as child support in view of the disparity in income and assets between David and her. The trial court determined that the disparity in income, $34,000 versus $50,000, was not great enough to absolve Janice of her child support responsibilities.

In accordance with the statutory guidelines, the trial court calculated the minimum amount of support Janice was to pay as 20% of $504, or $100 per week. After considering the financial resources of Janice and David, the court chose to deviate slightly from the $100 figure and directed Janice to pay child support in the amount of $90 per week. Although the trial court acted correctly in deviating from the statutory guidelines, we conclude that it did not deviate from them far enough.

At the time of the hearing, David was earning approximately 50% more than Janice. In addition, David possessed more investments than did Janice. Because the financial resources of David were far greater than those of Janice, the trial court abused its discretion in ordering Janice to pay $90 per week in child support.

■ The facts of the present appeal are substantially similar to those in *In re Marriage of Cook* (1986), 147 Ill. App. 3d 134, 497 N.E.2d 1029. In *Cook*, the custodial parent earned 60% more than the noncustodial parent, namely, $36,000 versus $22,500. The appellate court held that the trial court abused its discretion in ordering the noncustodial parent to pay 20% of her net earnings, or $55 per week in child support. In so holding, the court placed emphasis upon the disparity in the parties' incomes. (*Cook*, 147 Ill. App. 3d at 136-37, 497 N.E.2d at 1030-31.) The custodial parent's ability to contribute to the child's welfare is an important factor to be considered in determining a child support award. See *In re Marriage of Meyer* (1986), 140 Ill. App. 3d 1031, 1036, 489 N.E.2d 906, 910.

■ The trial court also should have considered whether the child support award was tailored to the child's actual needs. When the individual incomes of both parents are more than sufficient to provide for the reasonable needs of the minor child, the court is justified in setting a figure below the statutory guidelines. (*In re Marriage of Bush* (1989), 191 Ill. App. 3d 249, 260, 547 N.E.2d 590, 596.) In the present

appeal, David conceded that the entire $90-per-week payment may not be needed and that he would deposit the extra money into a savings account for Ann.

In light of the above, we deem the $90-per-week child support award to be excessive. Accordingly, we reverse and remand for further hearing consistent with the views expressed herein. In our remand, we are not requiring the circuit court to conduct a hearing in which further evidence is to be presented. Instead, in the court's discretion, it may choose to conduct a hearing in which counsel may argue their respective positions to the court based on the evidence presented prior to this appeal.

Affirmed in part; reversed in part and remanded.

KNECHT, P.J., and LUND, J., concur.