KATHY J. CARNES, Plaintiff-Appellant, v. KENNETH A. DRESSEN, Defendant-Appellee.

Fourth District   No. 4—90—0809

Opinion filed June 18, 1991.

Rodney M. Sharp, of Sandberg, Phoenix & von Gontard, P.C., of St. Louis, Missouri, for appellant.

Fuller, Hopp, McCarthy, Quigg & Byers, of Decatur (Richard W. Hopp, of counsel), for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Plaintiff Kathy Carnes appeals from an order of the circuit court of Macon County which increased child support payments re-

quired to be paid by defendant Kenneth Dressen from $30 to $40 per week but refused to order payment by defendant of retroactive child support payments, retroactive health insurance premiums, and attorney fees incurred by plaintiff. This action originated under the provisions of the Parentage Act of 1984 (Parentage Act) (Ill. Rev. Stat. 1989, ch. 40, pars. 2501 through 2526).

## CHILD SUPPORT

This cause was previously before our court, at which time the same basic issues were considered. (See *Carnes v. Dressen* (4th Dist. 1990), No. 4—89—0517 (unpublished order under Supreme Court Rule 23).) The decision in *Carnes* reversed the trial court's determination of child support because the amount was below that provided for by the child support guidelines set forth in section 505 of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (Ill. Rev. Stat. 1989, ch. 40, par. 505), and the judgment did not make an express finding as to why the ordered support was below the child support guidelines. Such express findings are required by section 505(a)(2)(e) of the Dissolution Act (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(2)(e)). Child support ordered under the Parentage Act shall be determined by using the guidelines and standards as provided for under sections 505(a) and 505.2 of the Dissolution Act (Ill. Rev. Stat. 1989, ch. 40, par. 505.2). Ill. Rev. Stat. 1989, ch. 40, par. 2514.

Our decision in *Carnes* under Supreme Court Rule 23 (134 Ill. 2d R. 23) provided, in part, as follows:

"While reversing and remanding on the issue of child support, we urge the trial court to reconsider the issues of retroactive support, reimbursement of insurance premiums, and attorney fees. We realize such awards are within the discretion of the trial court, however, we question why under these circumstances such awards were not given. Carnes filed a paternity action against Dressen during her pregnancy. Carnes made every effort to expedite this matter, while Dressen continually denied his obligations. Though we fully recognize Dressen's right to contest such allegations, we do not find that retroactive child support or a payment of insurance premiums would constitute a penalty. The claims of the petition have been fully validated. Dressen was the father of Travis not only at the time of the court order, but also at the time of his birth. We recognize the court may have had compelling

reasons to deny these requests, but on remand urge reconsideration of these issues."

After remand and rehearing, the trial court increased child support payments from $30 to $40 per week. The court refused to provide for retroactive child support payments, retroactive health insurance premiums, or to require defendant to pay plaintiff's attorney fees and costs.

Defendant is paying $60 per week child support for a child born prior to the March 9, 1988, birth of plaintiff's son. At the time of rehearing defendant had married, and his wife has children by a previous marriage. Plaintiff had also married before the rehearing. Prior to the first appeal, defendant had used bankruptcy to discharge his debts, including a debt owed plaintiff. For practical purposes, the evidence indicates that both plaintiff and defendant had minimal assets; however, both were employed.

In a memorandum opinion on July 19, 1990, the trial court determined that plaintiff's current monthly gross income was $1,737 and defendant's current monthly gross income was $2,442. It further found plaintiff's expenses increased to $1,858 per month, "due largely to increased payments required by the purchase of a new home by her and her present husband." There is no evidence in the record to sustain the court's determination of the purchase of a new house, and the statement is strongly contested by plaintiff in her appellant brief. The trial court further found defendant's expenses "remained the same at $1,571 per month."

■ Net income, for purposes of determining support guidelines as provided by section 505 of the Dissolution Act, requires that Federal and State income taxes, social security (FICA) taxes, mandated retirement contributions, union dues, dependent and individual health and hospitalization insurance premiums, prior obligations of support or maintenance actually paid, and certain other debts and expenses be deducted from this gross income. (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(3).) The only relevant items to determine defendant's net income for purposes of these guidelines are Federal and State income taxes, FICA taxes, union dues, and existing child support.

The trial court found defendant's total deductions were "Federal and State taxes and Union dues of $723 which leaves him [defendant] with net income of $1,719." The $723 figure is incorrect. Assume the 1990 gross income is $29,304. The maximum Federal income tax for a single person would be $4,199 per year ($350 monthly). The maximum State income tax would be $849 per year

($71 monthly). FICA taxes with medicare would be 7.65% of gross income, which would be $2,242 per year ($187 monthly). Union dues are assumed to be $3.30 per month. These items total $611 per month, not $723. Child support for the previous child is $60 per week, or an average of $260 per month. Net income per month, then, for the purposes of determining the guideline, is $2,442, less $611 and $260, for a net of $1,571. Regardless of the trial court's comments in the decision on rehearing, we find the only justification for lowering the award from the 20% statutory guideline amount would be the custodial parent's income. A weekly payment of $73 would be 20% of $1,571.

Defendant argues that provisions of section 505 of the Dissolution Act should be interpreted as providing a maximum amount of 25% for two children, regardless of whether the children reside in different households. His argument suggests the 25% amount should be determined, the previously ordered child support should be deducted, and the balance remaining should then go to the second child. His position appears to be inconsistent with the statutory provision requiring net income to be determined by deducting previously ordered and paid child support. See Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(3)(g).

■ The constitutionality of the minimum guidelines has been upheld by previous decisions of the appellate court. (*In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 1042-47, 492 N.E.2d 622, 624-31; *In re Marriage of Cook* (1986), 147 Ill. App. 3d 134, 136, 497 N.E.2d 1029, 1030.) This is not to say that the trial court can blindly apply the statutory guidelines. (*In re Marriage of Tatham* (1988), 173 Ill. App. 3d 1072, 1093, 527 N.E.2d 1351, 1363.) Where the relevant factors call for variance from the guidelines, variances should be made. Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(2); see also 1 H. Gitlin, Gitlin on Divorce par. 10.02(G)(2), at 200-01 (1991).

Defendant suggests the problem with guideline provisions is that 20% of net income is to be awarded for the benefit of each child of several children born to a father from different mothers. Using the example of five children, each from a different mother and each living in a separate household, if 20% of net income is ordered support for each child, almost the entire net income would be paid to child support. (As long as prior-ordered child support is deducted in computing net income, 100% of net income would not be awarded.) Defendant appears to ignore the dictates of section 505(a)(2)(e) of the Dissolution Act, which gives the trial court necessary authority to avoid economic havoc.

■ Perhaps section 505 of the Dissolution Act should be amended to allow child support payments to be computed by pooling the total number of children, then applying the applicable percentage, and then dividing the amount awarded by the number of children in the pool. This does not seem advisable because of discretionary powers given to the trial court by section 505 of the Dissolution Act. Different circumstances, ages, and educational abilities of children can call for different support amounts. The custodial parent's circumstances can also justify a variance. We conclude that section 505(a)(1) of the Dissolution Act requires an allotment of 20% for plaintiff's child's support, unless the relevant factors call for a different result. In the present case, we conclude there would be variance from the 20%, but conclude the facts do not justify an amount as low as $40 per week. After considering the trial court's actions in this cause, we conclude it is incumbent upon this court, if for no other reason than for instructional purposes, to fix the child support at $53 per week. We have distaste for our invasion into the trial court's domain, but find it is necessary in this case.

## RETROACTIVE SUPPORT

Plaintiff filed the action against defendant under the Parentage Act on October 27, 1987. Defendant's attorney mailed a copy of defendant's response and appearance to plaintiff's attorney on November 18, 1987. The child was born on March 9, 1988. Defendant took two blood tests, both of which conclusively determined, for practical purposes, the child's parentage. He contested parentage even after the second blood test. On April 24, 1989, a motion for summary judgment was granted which found defendant to be the father. Subsequently, child support payments of $30 per week were ordered to commence on May 5, 1989.

■ Section 14 of the Parentage Act previously provided in part that "[t]he Court may order any child support payments to be made for a period prior to the commencement of the action." (Ill. Rev. Stat. 1987, ch. 40, par. 2514(b).) The Parentage Act *now* provides, "The Court shall order all child support payments *** to commence with the date summons is served. *** The Court may order any child support payments to be made for a period prior to the commencement of the action." (Ill. Rev. Stat. 1989, ch. 40, par. 2514(b).) The intent is clear—the support should begin no later than the date the summons is served, after the action is commenced. In the present case, the trial court was evidently mistaken as to when defendant received notice of the action. There is no reason child

support should not have been ordered retroactive to the date of birth of the child. Any other decision would encourage delay tactics in litigation and defeat the obvious intent of the legislature.

We note the record indicates defendant's 1989 income appears to have exceeded, or was equal to, our calculation of his 1990 income. He was employed by the same employer in 1988, and the record indicates a large over-withholding of Federal income tax by defendant during the 1989 taxable year. The record dictates retroactive support is to be at the rate we now set as current support. Defendant will be ordered to pay retroactive support at the rate of $53 per week from March 9, 1988, and is to be given credit for support previously paid to the time our mandate is filed in this appeal.

### REIMBURSEMENT OF HEALTH INSURANCE PREMIUM

■ For a period of time when she was not receiving support payments from defendant, plaintiff maintained a health insurance policy which covered both her and the child. She requested that defendant reimburse her for one-half the cost of that insurance. The trial court refused to order this payment. The child is now covered by defendant's health and hospitalization policy provided by his employer.

The record is not complete regarding this issue, and we cannot say that the trial court's ruling was against the manifest weight of the evidence. Plaintiff bears the responsibility of supplying a complete record on appeal and, where the record is incomplete, a reviewing court will indulge every reasonable presumption in favor of the judgment order or ruling appealed from. (*In re Estate of Ito* (1977), 50 Ill. App. 3d 817, 822, 365 N.E.2d 1309, 1313.) We find it appropriate to affirm the trial court's decision as to this issue.

### ATTORNEY FEES AND COSTS

The trial court refused plaintiff's request for certain attorney fees and costs accrued subsequent to December 12, 1988. The reasonableness and necessity of these fees and costs totalling $3,275.63 was not questioned. Section 17 of the Parentage Act provides:

> "Costs. Except as otherwise provided in this Act, the court may order reasonable fees of counsel, experts, and other costs of the action, pre-trial proceedings and post-judgment proceedings to enforce or modify the judgment to be paid by the parties in accordance with the relevant factors specified in Section 508 of the Illinois Marriage and Dissolution of

Marriage Act, as amended." Ill. Rev. Stat. 1989, ch. 40, par. 2517.

Section 508 of the Dissolution Act provides, in relevant part:

> "Attorney's Fees. (a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or retain legal representation, expected to be incurred by the other spouse, which award shall be made in connection with the following: ***" Ill. Rev. Stat. 1989, ch. 40, par. 508.

Section 508 provides that allocation of fees is directly tied to the consideration of the financial resources of the parties. This does not mean that plaintiff should pay her own fees and costs if she has the ability. The trial court is to consider the financial resources of both parties in determining how payment should be apportioned. The allowance of attorney fees and costs under section 508 of the Dissolution Act rests within the sound discretion of the trial court, and that court's judgment will not be disturbed on review unless there is a clear abuse of discretion. (*In re Marriage of Passiales* (1986), 144 Ill. App. 3d 629, 639, 494 N.E.2d 541, 549.) When the financial resources or circumstances of both parties are substantially similar, an award of attorney fees may be an abuse of discretion. However, a party who must use the judicial process to enforce his or her rights under a settlement agreement or dissolution judgment because of some action by the opponent is entitled to fees (Ill. Rev. Stat. 1989, ch. 40, par. 508(b)), even absent a showing of inability to pay. (*Passiales*, 144 Ill. App. 3d at 639, 494 N.E.2d at 549; *In re Marriage of Moriarty* (1985), 132 Ill. App. 3d 895, 900, 478 N.E.2d 537, 540.) While the cases stating this rule have different fact situations than the present case, the policy underlying the rule applies equally well to the facts we now have before us. The evidence establishes that the defendant contested the paternity even after the first blood-test results. After the second blood test, the plaintiff was required to proceed with a motion for summary judgment. Even though the motion was confessed, further expenditures by plaintiff were required.

■ Considering the evidence, it is obvious that neither party has much more than minimal assets. However, defendant's net income is higher than plaintiff's, and plaintiff has the custodial ex-

174

pense of her son. We hold that this evidence requires a finding that defendant's financial resources are superior to plaintiff's. The evidence also clearly indicates that defendant's actions required plaintiff to be involved in substantial judicial processes to enforce her rights. The trial court's ruling denying plaintiff's request for fees and costs was against the manifest weight of the evidence. Judgment must be entered against the defendant for attorney fees and costs of $3,275.63.

It is therefore the order of this court that the trial court's judgment be reversed as to the child support, retroactive child support, and attorney fees. The judgment as to insurance premiums is affirmed. This cause must be remanded to the trial court for purposes of entering the child support order of $53 per week retroactive to March 9, 1988, and the entry of judgment assessing attorney fees and costs of $3,275.63 against the defendant.

Affirmed in part; reversed in part and remanded.

STEIGMANN and KNECHT, JJ., concur.