*In re* MARRIAGE OF BRIAN DALE KEOWN, SR., Petitioner-Appellee, and CYNTHIA ANN WRIGHT, f/k/a Cynthia Ann Keown, Respondent-Appellant.

Fourth District   No. 4—91—0465

Opinion filed February 20, 1992.

810

Brian L. Bower, of Brainard, Bower & Kramer, of Charleston, for appellant.

Stephen R. Ryan, of Ryan, Cini, Bennett & Radloff, of Mattoon, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an appeal by the respondent, Cynthia Ann Wright, f/k/a Cynthia Ann Keown, from an order of the circuit court of Coles County modifying child custody and support. The issue on review is whether the child support modification order is an abuse of discretion.

Petitioner Brian Dale Keown, Sr., married respondent on June 23, 1973. On July 10, 1986, the parties' marriage was dissolved. Following the second part of the bifurcated hearings, the trial court resolved the remaining issues by order filed August 14, 1986. As a result of this order, respondent was awarded custody of the parties' three minor children, Brian, Jr., born December 20, 1973; Sara, born November 2, 1976; and Brandon, born September 20, 1980. Petitioner was to pay 32% of his net income, being $588.52 per month, as and for child support.

On October 21, 1987, petitioner filed a petition to reduce child support alleging that Brian, Jr., was then residing with him. In an order filed December 8, 1987, the petitioner's child support payment was reduced to $454.38, 25% of his net monthly salary. Petitioner was also ordered to pay 25% of his annual bonus as child support. In the event Brian, Jr., resumed living with respondent, the child support payment was to increase to 32% of petitioner's net income.

In July and August 1990, both parties petitioned to modify the earlier order. Respondent alleged Brian, Jr., had resumed living with her and the child support should be increased to 32% of petitioner's net income. Petitioner alleged that, although Brian, Jr., had resumed living with respondent, Sara had commenced residing with him. He further alleged that respondent had moved and now resided in Scottsdale, Arizona.

On May 30, 1991, following a hearing and consideration of written arguments of counsel, the trial court issued an order acknowledging and accepting the agreement of the parties that they were to have joint custody of the children, with petitioner serving as the residential custodial parent of Brian, Jr., and Sara and respondent

serving as the residential custodial parent of Brandon. Each party was ordered to pay one-half of the costs of medical insurance coverage and all unreimbursed medical, dental, pharmaceutical, and related expenses. Each party was ordered to bear the support of the child or children residing with such party and would have the sole and exclusive right to list such child or children as dependents on Federal and State income-tax returns.

The order set forth the specific findings of the trial court which were the bases of the order. The findings supporting the child support portion of the order are as follows:

"(2) That Original Petitioner is the assistant manager at Justrite Manufacturing Company, lives in Charleston, Illinois, and has a net income of $33,470.00.

(3) That Original Respondent is a homemaker and resides with her present husband in Scottsdale, Arizona, and is not pursuing her profession as a dental hygienist. She is the joint owner with her husband of real estate in Champaign County, Illinois, from which rental income is received. Her financial disclosure and joint income tax returns indicate that she is more affluent than Petitioner. It should be noted that the greater part of her asset base was acquired as a result of the intermarriage with her present husband.
    * * *

(5) That Original Petitioner and Original Respondent should each bear one-half (1/2) of the costs of medical insurance, and each of the parties should also share equally all medical, dental, pharmaceutical and related unreimbursed expenses.

(6) That the Court has considered various methods which could be utilized to compute child support. There are several formulas, any of which could be justified herein. Counsel, by means of their Memoranda, have suggested that each party should pay support to the other. Original Petitioner, as an employee, has a definite income which is readily ascertainable. On the other hand, Original Respondent, who would represent she is unemployed, but whom this Court believes is self-employed, has an income not subject to accurate ascertainment. The Court has also considered the living standards, home situations and assets of the parties hereto, and finds the circumstances of the Original Respondent to be superior to those of the Original Petitioner in each of these aspects. Therefore, the Court deviates from the provisions of Para-

graph 505 of the Marriage and Dissolution of Marriage Act of the State of Illinois based on the financial resources and needs of each of the non-custodial parents herein. The Court finds that each party to this proceeding should bear the expense of support of that child or children residing with such party. The Court specifically finds that, considering the economic circumstances of each non-residential parent, that this provision as to support is proper and equitable. The Court finds that each of the homes will contain two minor children, Original Respondent having the presence of a second child of Original Respondent's present spouse. The income level of each home is sufficient to provide for a family of four. Any transfer of support would not alter the lifestyle nor serve to meet costs of necessities of any of the children."

■ The guidelines set forth in section 505 of the Illinois Marriage and Dissolution of Marriage Act are to be considered by the trial court in determining child support. (Ill. Rev. Stat. 1989, ch. 40, par. 505.) The guidelines "shall be applied in each case unless the court, after considering evidence presented on all relevant factors, finds a reason for deviating from the guidelines." (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(2).) The failure to strictly comply with the guidelines is appropriate in split custody cases. Here there are three children, whose parents are equally responsible for their support. Petitioner has physical custody of two children, the respondent physical custody of one. A strict mathematical application of the guidelines where there is split custody of the children is not contemplated by the statute.

In determining child support, the relevant factors to be considered are the child's financial resources, the financial resources and needs of the custodial parent, the standard of living the child would have enjoyed had the parents been married, the physical, emotional, and educational needs of the child, and the financial resources and needs of the noncustodial parent. (Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(2).) In the absence of an abuse of discretion, the trial court's order modifying child support will not be overturned on review. *In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 296, 483 N.E.2d 1229, 1233; *In re Marriage of Stockton* (1988), 169 Ill. App. 3d 318, 326, 523 N.E.2d 573, 579; see also *In re Marriage of Bush* (1989), 191 Ill. App. 3d 249, 260, 547 N.E.2d 590, 596, quoting *In re Marriage of Adams* (1988), 174 Ill. App. 3d 595, 617, 528 N.E.2d 1075, 1088.

In attempting to demonstrate an abuse of discretion on the part of the trial court, respondent challenges the following three findings of fact: (1) she is not pursuing her career as a dental hygienist; (2) she and her present husband are joint owners of real estate in Champaign County which generates rental income; and (3) she is more affluent than petitioner. It is respondent's contention that the evidence establishes, contrary to these findings by the trial court, that she has no income. Respondent also argues that the trial court erred in considering the assets of her current husband, John Wright.

Respondent argues that, by considering the income of her current husband, the trial court is placing the burden to pay child support on a nonparty. The financial status of a current spouse may not be considered to ascertain the ability of a party to fulfill a child support obligation, but it may be equitably considered to determine whether the payment of child support would endanger the ability of the support-paying party and that party's current spouse to meet their needs. *In re Marriage of McBride* (1988), 166 Ill. App. 3d 504, 511, 519 N.E.2d 1095, 1100.

The trial court found respondent was a joint owner of income-producing real estate in Champaign County, Illinois, "from which rental income is received." Respondent has not shown to this court that the finding of the trial court that she was a joint owner of real estate in Champaign County, Illinois, was incorrect. The 1989 tax return shows rents received of $83,394 and net income of $15,388. On the evidence presented, we do not construe the trial court's order as placing an obligation on John Wright to support respondent's children.

As petitioner is responsible to pay child support for the child living with respondent, she is likewise obligated to pay child support for the two children living with him. Respondent complains she is not obligated to pay support merely because she is not currently employed and has no income. This is an incorrect assumption. Certainly if respondent had no children at home and decided not to seek employment, her failure to pay support which had been ordered could subject her to contempt proceedings. (See *People v. Stanley* (1978), 60 Ill. App. 3d 909, 911-13, 376 N.E.2d 1095, 1097-99; Ill. Rev. Stat. 1989, ch. 40, par. 505(b).) Nor does the fact that respondent has two young children at home, one from her current marriage, relieve her from the obligation to pay support for the two living with petitioner.

The respondent and her current spouse decided she should not work. This decision neither absolves nor mitigates the respondent's financial obligation of support to her three children. As we stated in *In re Marriage of Cornale* (1990), 199 Ill. App. 3d 134, 137, 556 N.E.2d 806, 808, "[t]he custodial parent's *ability* to contribute to the child's welfare is an important factor to be considered in determining a child support award." (Emphasis added.) The trial court attempted to formulate an equitable result; there was no abuse of discretion.

■ With regard to the trial court's finding that respondent is not currently pursuing her career as a dental hygienist, respondent points out that the evidence indicates that she worked as a dental assistant, not a hygienist, she attended classes for only one term in pursuit of a degree in dental hygiene, and she discontinued that endeavor to spend time with her children. Petitioner argues in response that, although respondent testified that her unemployment was a good-faith decision, such testimony does not require the trial court to accept that conclusion, and the trial court could reject it based on an assessment of credibility. A fair reading of the trial court's order in this case establishes that the only finding is that respondent has no wages or salary which it could rely on to assess child support. The trial court did not attribute to respondent a salary or wages which she could reasonably have been expected to earn as a dental hygienist or dental assistant. Nor did the trial court find that respondent's decision not to work outside the home was anything but a good-faith decision. On the other hand, although the determination of the amount of child support attributable to respondent was not based on a wilful refusal of respondent to seek employment, the fact that respondent and her spouse decided there was no need to work outside the home was properly considered by the trial court in determining child support. As to respondent, when net income cannot be determined, support should be ordered in an amount considered reasonable on the facts of the particular case. Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(5).

■■ ■ The trial court's reference to respondent's financial affidavit in finding she was affluent is substantiated. Her affidavit shows the following assets: a checking account ($350), savings account ($7,000), IRA ($833), vacation time share ($10,500), household goods ($5,000), BMW ($14,000), GEO Tracker ($9,000), and personal property for use by the children ($4,900). Petitioner's affidavit showed the following assets: equity in home ($16,400), and a 1984 Cadillac ($5,000). Assets, *per se*, do not determine support needs or

ability to pay. However, along with the needs of custodian, noncustodian, and child, assets are a proper consideration. Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(2).

■ Petitioner has an ascertainable income while respondent does not. The record justifies the trial court's determination that petitioner be responsible for the support of Brian, Jr., and Sara and respondent be responsible for the support of Brandon.

The trial court's order that no support be paid by either party was fair and equitable and no abuse of discretion occurred. Respondent has not raised, and has therefore waived, the argument that the trial court failed to state the support level in dollar amounts. See Ill. Rev. Stat. 1989, ch. 40, par. 505(a)(5).

For the foregoing reasons, the judgment of the circuit court of Coles County is affirmed.

Affirmed.

COOK and LUND, JJ., concur.