*In re* MARRIAGE OF BRENDA STANLEY, n/k/a Brenda Booker, Petitioner-Appellant, and ANTHONY STANLEY, Respondent-Appellee.

Fourth District   No. 4—95—0782

Argued May 21, 1996.—Opinion filed May 29, 1996.

Steven Nardulli (argued), of Stratton & Nardulli, of Springfield, for appellant.

Paul E. Adami (argued), of Mohan, Alewelt, Prillaman & Adami, of Springfield, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In July 1995, petitioner, Brenda Stanley, filed a petition to modify child support, which the trial court granted, increasing the amount of child support to be paid by respondent, Anthony Stanley, from $400 to $500 per month. Brenda appeals, arguing that the court abused its discretion by setting child support below the applicable

statutory guideline set forth in section 505 of the Illinois Marriage and Dissolution of Marriage Act (Act). 750 ILCS 5/505 (West 1994).

We agree and reverse.

## I. BACKGROUND

Brenda and Anthony married in April 1988. They had one child during their marriage, Zachary, born in July 1990. In April 1992, the trial court granted Brenda's petition for dissolution of marriage and ordered Anthony to pay Brenda $400 per month in child support, based on his annual salary of $40,000.

In July 1995, Brenda filed a petition to modify child support. The trial court conducted a hearing on that petition. Anthony was then chief financial officer for National Metal Craft, earning $80,000 annually. Based on evidence presented at the hearing, the court calculated Anthony's net monthly income according to the provisions of section 505 of the Act as follows:

| | |
|---|---|
| "Gross income per pay period | $3,333.33 |
| Less: | |
|    Federal withholding | $ 766.02 |
|    State of Iowa withholding | 203.84 |
|    FICA | 254.04 |
|    Insurance | 12.50 |
| Total deductions | $1,236.00 [*sic*] |
| Net income per pay period | 2,097.33 [*sic*] |
| Two pay periods per month | x    2 |
| Net income per month | $4,194.66 |
| Less: | |
|    Child support paid per month | $ 420.00 |
|    Day care contribution | 94.00 |
|    Health and dental insurance | 89.00 |
| Total non payroll deductions per month | $ 603.00 |
| Net pay per month under Section 505 | $3,591.66 [*sic*]" |

Based on these figures, the trial court determined that Anthony's child support obligation to Brenda under the statutory guidelines would be 20% of his net income or $718.33 per month. However, the court entered an order requiring Anthony to pay a smaller amount in child support. At the July 1995 hearing, the court explained its reasoning as follows:

> "[T]he support guidelines don't always apply to a case such as this where there's [*sic*] two children that need to be supported from two separate marriages. The support guidelines say twenty percent for one child, twenty-five percent for two children. If I fol-

lowed the logic here and ordered [Anthony] to pay twenty percent for this child *** that's going to be forty percent for the support of two children and I don't think that's what the legislature intended."

The trial court subsequently entered a written order, which stated the following:

"Based upon the Defendant's obligation to pay child support to a child by a prior marriage, the Court determines that it is appropriate to deviate from the child support guidelines and to set current support in the amount of $500.00 ***."

Brenda filed a motion to reconsider, but the trial court denied it, reiterating that it had discretion to deviate from the child support guidelines when a noncustodial parent is paying child support under two separate child support orders.

Brenda appeals, arguing that the trial court abused its discretion by setting child support below the statutory minimum guideline amount.

## II. ANALYSIS

■ Section 505(a)(1) of the Act provides in part:

"(1) The Court *shall* determine the minimum amount of support by using the following guidelines:

| Number of Children | Percent of Supporting Party's Net Income |
|---|---|
| 1 | 20% |

***." (Emphasis added.) 750 ILCS 5/505(a)(1) (West 1994).

Section 505(a)(2) of the Act (750 ILCS 5/505(a)(2) (West 1994)) *requires* the trial court to determine a minimum amount of child support based on statutory guidelines *unless* it finds, after considering evidence on relevant factors, that using the guidelines would be inappropriate. See *Carnes v. Dressen*, 215 Ill. App. 3d 166, 171, 574 N.E.2d 845, 848 (1991). Thus, a determination of child support under the Act begins with the presumption that the guidelines will be applied. Compelling reasons must exist in order to overcome that presumption and permit the court to deviate from the guidelines. Further, the court must explicitly state those reasons. 750 ILCS 5/505(a)(2) (West 1994).

The Act lists factors a trial court should consider when deciding that the guidelines do not apply, specifically providing as follows:

"The above guidelines shall be applied in each case unless the court makes a finding that application of the guidelines would be inappropriate, after considering the best interests of the child in light of evidence including but not limited to one or more of the following relevant factors:

(a) the financial resources of the child;

(b) the financial resources and needs of the custodial parent;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child, and his educational needs; and

(e) the financial resources and needs of the noncustodial parent." 750 ILCS 5/505(a)(2) (West 1994).

■ In this case, the trial court stated it was deviating from the statutory guidelines because it believed the legislature did not intend the court to apply them when a noncustodial parent had child support obligations to two separate families. We do not agree; the mere fact that Anthony owed child support under a separate order did *not* compel a variance from the guidelines. Therefore, we hold that a court abuses its discretion when it deviates from the statutory child support guidelines *solely* because the noncustodial parent has a prior child support obligation pursuant to a court order.

Section 505(a)(3) of the Act specifically addresses the effect of a prior child support obligation on a new child support order, listing prior child support payments among the allowable statutory deductions from gross income. 750 ILCS 5/505(a)(3)(g) (West 1994). A prior child support obligation has no greater status than other statutory deductions simply *because* it is child support. Had Anthony's $420 payment been for union dues (750 ILCS 5/505(a)(3)(e) (West 1994)) or repayment of medical debts (750 ILCS 5/505(a)(3)(h) (West 1994)), the deduction would not be worth more than its face value and would not have justified deviating from the guidelines. Similarly, the existence of a prior child support obligation in this case does not constitute a compelling reason for deviating from the guidelines.

Exceptional circumstances that are compelling enough to justify a deviation from the guidelines may arise when (1) the noncustodial parent's resources are very limited (750 ILCS 5/505(a)(2)(e) (West 1994)), or (2) application of the guidelines would create a windfall for the custodial parent. See *In re Marriage of Bush*, 191 Ill. App. 3d 249, 260, 547 N.E.2d 590, 596 (1989) (in which this court held that where the individual incomes of *both* parents are high so that either one would be more than sufficient to provide the reasonable needs of the parties' child, taking into account the life-style the child would have absent the dissolution, the court is justified in setting a figure below the guideline amount).

We do not hold that a prior child support obligation may never support a deviation from the guidelines; instead, we hold that, by

itself, a prior child support order does not justify deviating from the guidelines, particularly where, as here, (1) the noncustodial parent has sufficient income to pay the guideline amount, and (2) the prior child support order constitutes the trial court's sole reason for deviating from the guidelines.

Modification of child support payments lies within the trial court's sound discretion, and a reviewing court will not disturb its decision absent an abuse of discretion. *In re Marriage of Bussey*, 108 Ill. 2d 286, 296, 483 N.E.2d 1229, 1233 (1985). The record here shows that the trial court determined that a monthly child support order of $718.33 would be appropriate under the statutory child support guidelines, but the court deviated from the guidelines solely because the noncustodial parent had another child support obligation under a separate order. Because we hold that the trial court's ruling constitutes an abuse of its discretion, we reverse and remand with directions that the trial court enter a monthly child support order in the amount of $718.33, effective as of August 2, 1995, the day the court entered the order being appealed from here.

### III. CONCLUSION

For the reasons stated above, we reverse the trial court's judgment and remand with directions.

Reversed and remanded with directions.

GREEN and KNECHT, JJ., concur.