*In re* MARRIAGE OF DEBRA JEAN BERGMAN, Petitioner, and JON PHILIP BERGMAN, Respondent-Appellee (The Department of Public Aid, Intervening Petitioner-Appellant).

Fourth District No. 4—88—0767

Opinion filed June 1, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE GREEN delivered the opinion of the court:

On August 19, 1988, the circuit court of Pike County adopted as its order a stipulation of the parties that, as of June 30, 1988, respondent Jon Philip Bergman was in arrears in child support in the amount of $916.11 and would pay that amount at a specified monthly rate. However, the court denied intervening petitioner Illinois Department of Public Aid's (Department's) motion for the immediate issuance and service of a withholding order on respondent and, on September 21, 1988, further denied the Department's motion to reconsider that denial. The Department now appeals, and we reverse and remand.

 Section 706.1(B) of the Illinois Marriage and Dissolution of Marriage Act (Act) contains in pertinent part the following provisions:

"(1) Upon entry of any order for support on or after January 1, 1984, the court shall enter a separate order for withholding which *shall not take effect unless the obligor becomes delinquent* in paying the order for support \*\*\*; except that the court may require the order for withholding to take effect immediately.

\* \* \*

(7) Notwithstanding the provisions of this subsection, if the court finds at the time of any hearing that *an arrearage has accrued in an amount equal to at least one month's support obligation* \*\*\*, the *court shall order immediate service of the order for withholding* upon the payor." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 40, pars. 706.1(B)(1), (B)(7).)

The Act defines "arrearage" as "the total amount of unpaid support obligations" and "delinquency" as "any payment under an order for

support which becomes due *and remains unpaid after an order for withholding has been entered* under subsection (B)." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 40, pars. 706.1(A)(2), (A)(3).

The court dissolved the marriage of respondent and petitioner Debra Jean Bergman on May 2, 1985, and awarded custody of the parties' two minor children to petitioner. In the judgment of dissolution of marriage, the court ordered respondent to pay child support in the amount of $62.50 per week per child. The court further entered an order for withholding as required by statute. Ill. Rev. Stat. 1985, ch. 40, par. 706.1.

On January 31, 1986, respondent petitioned the court for a modification of the judgment for dissolution. In it, he claimed the circumstances of the parties had materially and substantially changed and the judgment should be modified to conform to the changed circumstances. Petitioner responded to the petition and further petitioned the court for a money judgment on the amount of child support for which respondent was currently in arrears.

The Department intervened in the matter on January 8, 1988, by filing a petition for rule to show cause why respondent should not be held in contempt of court for failure to comply with the child-support order previously entered. It asked the court to enter a judgment in the amount of the arrearage and to issue an order for withholding immediately.

On June 30, 1988, the court granted respondent's petition for modification and reduced his total child-support obligation to $183 per month, retroactive to the date of respondent's petition. As noted previously, the court subsequently entered an order on August 19, 1988, on stipulation of the parties that respondent was in arrears in child support in the amount of $916.11. The court required him to pay the arrearage in installments of $36 per month, said amount to be paid in addition to his current support obligation.

With regard to the Department's request for the immediate issuance and service of an order for withholding, the court noted such an order was to take effect "when the obligor [became] delinquent and the arrearage [was in] an amount equal to at least one month's child support." However, upon examining the dictionary definition of the term "delinquency," which focused on the existence of a dereliction of duty, the court concluded respondent's arrearage was not "predicated on delinquency," since it was "due to [an] understandable miscalculation." The court further noted respondent had never missed a payment date. It denied the Department's motion for issuance of the order.

The Department asked the court to reconsider its ruling and to issue an immediate order for withholding. In its order of September 21, 1988, the court stated an "aura of culpability" pervaded section 706.1 of the Act. The court emphasized the lack of culpability on the part of respondent and its finding that he was not delinquent. Relying on the statement in section 706.1(B)(1) of the Act that an order for withholding did not take effect until the obligor became delinquent in paying support, the court refused to reconsider its previous order.

◼ We note initially that respondent has failed to file an appellee's brief in this cause. While we recognize we are permitted to summarily reverse due to such failure (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493), we choose instead to decide this case on its merits.

◼ In its brief, the Department argues the instant situation does not require the existence of a "delinquency" in order for the Department to be entitled to the relief it requests. The Department maintains section 706.1(B)(7), and not section 706.1(B)(1), controls. We agree. Section 706.1(B)(7) mandates a court to order the immediate issuance and service of an order for withholding once it finds an obligor is in arrears in child support and the arrearage exceeds one month's obligation. No reference is made to the words "delinquencies" or "delinquency."

◼ The Department argues in the alternative. that, if section 706.1(B)(1) applies, the court here incorrectly interpreted that provision as providing it with discretion to refuse to issue an order for withholding where a delinquency has occurred through no fault of the obligor. The plain language of section 706.1(B)(1) reveals no intent by the legislature to vest a trial court with the discretion to refuse to issue an order for withholding once an obligor becomes delinquent. If a court determines an obligor has become delinquent as that term is defined by statute, section 706.1(B)(1) directs the court to immediately order the service of the order for withholding. Section 706.1(A)(3) of the Act defines the term "delinquency," except under circumstances not involved here, as "any payment under an order of support which remains unpaid" after a withholding order has been entered. (Ill. Rev. Stat. 1987, ch. 40, par. 706.1(A)(3).) Thus, clearly a party required to pay support need not be culpable in order to be "delinquent."

◼ Our foregoing conclusions are strengthened by the legislative statement regarding section 102(5) of the Act that it is to be "liberally construed" to "make reasonable provision for spouses and minor children *** after litigation." Ill. Rev. Stat. 1987, ch. 40, par. 102(5).

◼ Here, respondent was clearly both in arrears within the

meaning of section 706.1(B)(7) of the Act and delinquent within the meaning of section 706.1(B)(1) of the Act. The parties, apparently, do not dispute that, on August 19, 1988, respondent was in arrears in his payment of child support in the amount of $916.11. Furthermore, such amount had remained unpaid following entry of the initial order for withholding on May 2, 1985. The circuit court erred in refusing to order the immediate issuance of the order for withholding as requested by the Department.

For the reasons stated, the judgment of the circuit court is reversed, the case is remanded, and the court is directed to order the immediate issuance of the order of withholding upon respondent.

Reversed and remanded with directions.

KNECHT and SPITZ, JJ., concur.