*In re* MARRIAGE OF MELODY WYANT, n/k/a Melody Bugbee, Petitioner, and STEPHEN WYANT, Respondent-Appellee (The Department of Public Aid, Appellant).

Second District   No. 2—89—0961

Opinion filed May 9, 1990.—Rehearing denied June 4, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Tanya Solov, Assistant Attorney General, of Chicago, of counsel), for appellant.

Stephen Wyant, of Dixon, appellee *pro se.*

JUSTICE INGLIS delivered the opinion of the court:

The Department of Public Aid (Department) appeals the order of the circuit court which ordered the conditional withholding of the wages of respondent, Stephen Wyant. The Department contends that, pursuant to section 706.1 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1987, ch. 40, par. 706.1), the order should have required immediate withholding. Respondent appeared in the trial court and appears in this court *pro se.*

The circuit court entered a judgment of dissolution of the marriage of petitioner, Melody Wyant, and respondent on May 4, 1983. The judgment included a provision requiring respondent to pay $35 per week for child support. On November 26, 1985, the circuit court entered an order of support reducing respondent's child support obligation to $25 per week. Additionally, the court found that respondent was $4,130 in arrears of child support. The order did not require re-

spondent to make weekly payments toward the arrearage; however, it did provide that he was to pay "4,130.00 owed the Public Office until such arrearage is paid in full." Although the court found an arrearage in the amount of $4,130, it does not appear that a judgment to that effect was entered.

In addition to the support order, the circuit court entered a second order on November 26, 1985, which was a conditional order for withholding. It provided that, if respondent fell one month behind in his payments, respondent's wages could be garnished in the amount of $25 per week for currently accruing support and $10 per week towards any delinquency.

On March 1, 1989, the Department executed a notice of delinquency; respondent requested a stay of the service of the withholding order on the basis that he had been paying on the arrearage. The circuit court conducted a hearing on July 5, 1989. Although the arrearage and payment figures in the transcript of the hearing are confusing, it appears from the parties' statements that, as of July 5, 1989, respondent became obligated to pay $4,700 in child support. That amount is 188 weeks at $25 per week for the child support payments due for the period from November 29, 1985, through July 5, 1989. According to the Department's statements at the hearing, respondent made $3,035 in payments during that period. Thus, respondent fell $1,665 short for the 188-week period. While respondent increased some of his payments during that time from $25 per week to $35 per week, the extra $10 per week was applied to the 188-week period and not towards the $4,130 arrearage. Thus, the $4,130 arrearage was not reduced at all. Moreover, even with some extra $10-per-week payments, there were so many $25 payments missed that respondent still became delinquent for the 188-week period from November 29, 1985, to July 5, 1989. Thus, respondent was delinquent in the amount of $1,665 for the period from November 29, 1985, to July 5, 1989, in addition to the old arrearage of $4,130 for the period from May 4, 1983, to November 29, 1985, for a total arrearage of $5,795. Respondent has not argued or shown that these numbers were calculated wrongly.

On July 5, 1989, the circuit court entered an order for support and an order for withholding. The order for support required respondent to pay $25 week for current support accruing after July 5, 1989; entered a judgment in the amount of $5,795 against respondent; and required respondent to pay an additional $10 per week towards the judgment amount. The order for withholding required respondent's employer or obligor to withhold the $25 per week for current support and the $10 per week for the $5,795 judgment; however, the order

was not immediately effective but could be enforced only on the condition that respondent fell one month behind in his obligation.

The Department appeals only the July 5, 1989, withholding order and argues that it should have been immediately enforceable because respondent was already more than one month behind in his payments. Section 706.1 of the Act (Ill. Rev. Stat. 1987, ch. 40, par. 706.1) authorizes a circuit court to enter an order of withholding wages or other funds for child support obligations. Courts may apply the statute to collect an arrearage that accumulated before the effective date of the Act. *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 284.

■ ■ Pursuant to section 706.1 (B)(7) of the Act, a court "shall" order immediate service of an order for withholding whenever it finds an arrearage has accrued in an amount equal to at least one month's support obligation. (Ill. Rev. Stat. 1987, ch. 40, par. 706.1(B)(7).) An arrearage is defined as the total amount of unpaid support obligation. (Ill. Rev. Stat. 1987, ch. 40, par. 706.1(A)(2).) Because respondent's one-month support obligation is approximately $108.33 and the total arrearage was $5,795, the court was required to order immediate service of the order for withholding. The statute uses the word "shall" rather than "may," thus indicating that the court has no discretion in issuing an order for withholding. *Newkirk v. Bigard* (1985), 109 Ill. 2d 28, 33; *In re Marriage of Bergman* (1989), 183 Ill. App. 3d 897, 900 ("Section 706.1(B)(7) mandates a court to order the immediate issuance and service of an order for withholding once it finds an obligor is in arrears in child support and the arrearage exceeds one month's obligation").

■ ■ In addition, section 706.1(H) provides that, when the amount of the delinquency is more than one month's support obligation, the court "shall" order immediate service of the order for withholding. (Ill. Rev. Stat. 1987, ch. 40, par. 706.1(H).) A delinquency is defined as any obligation that remains unpaid after an order for withholding has already been entered. (Ill. Rev. Stat. 1987, ch. 40, par 706.1(A)(3).) Because respondent was delinquent in the amount of $1,665, which is more than the $108.33-per-month support obligation, the court was required to order service of the withholding order immediately. Although the circuit court may have been correct in believing that in the future respondent could make the $25-plus-$10-per-week payments without the garnishment, the present law does not give the court discretion in ordering immediate withholding in the case at bar.

■ Respondent contends that the Act does not require the order for withholding to take effect immediately if a written agreement is

reached between both parties. (Ill. Rev. Stat. 1987, ch. 40, par. 706.1(B)(1).) Respondent argues that an agreement was never attempted. However, there is no requirement that the parties attempt to agree, and the transcript indicates that the Department would not agree to anything other than immediate withholding. Also, subsection 706.1(B)(7) states: "[n]otwithstanding the other provisions of this subsection," the withholding order should have immediate effect when the arrearage exceeds one month's obligation. (Ill. Rev. Stat. 1987, ch. 40, par. 706.1(B)(7).) The use of the word "[n]otwithstanding" indicates that subsection 706.1(B)(7) has precedence in spite of any other provision of subsection B. Ill. Rev. Stat. 1987, ch. 40, par. 706.1(B)(7).

■ Finally, we note that the parties to the appeal refer to a judgment of November 26, 1985, in the amount of $4,130. A judgment is a determination by a court that a party owes a debt, and the entry of the judgment acts as a lien on all the property owned and acquired by the party. (Ill. Rev. Stat. 1987, ch. 110, par. 12–101 *et seq.*) There is no indication in the record that the arrearage of $4,130 was incorporated into a judgment. If it were, then the judgment of July 5, 1989, in the amount of $5,795, would be erroneous because it would be duplicative of another judgment. In any event, since the finding of November 26, 1985, was not made into a judgment, the judgment of July 5, 1989, entered against respondent in the amount of $5,795 must remain effective.

For the above reasons, the order for withholding entered on July 5, 1989, is reversed in part, and the cause is remanded with directions to enter an order requiring immediate service of the withholding order.

Reversed in part and remanded with directions.

McLAREN and GEIGER, JJ., concur.