S90A1323. GEORGIA DEPARTMENT OF HUMAN RESOURCES
v. PERNICE.
(399 SE2d 65)

BELL, Justice.

This appeal concerns whether a trial court is required to enter an income-deduction order pursuant to OCGA § 19-6-32 (a) (1),[1] in a child-support recovery action brought by the Georgia Department of Human Resources (DHR). In the instant case the trial court ruled that income-deduction orders are not mandatory, and exercised its discretion not to enter one. We find that such orders are mandatory, and reverse the judgment insofar as it ruled the orders are not mandatory.

---

[1] An income-deduction order is directed to the employer of a person obligated to provide child support. The order requires the employer to deduct from the employee's income an amount set by the court to meet the employee's support obligation, including arrearages. See §§ 19-6-32; 19-6-33.

In 1988 appellee and his wife were divorced. The final decree required appellee to pay his wife $100 per week in child support. Appellee failed to pay any support, and in 1989 the DHR, pursuant to the Child Support Recovery Act, OCGA § 19-11-1 to § 19-11-26, filed a motion for contempt against appellee and, in addition, requested that the court enter an income-deduction order pursuant to § 19-6-32 (a) (1). OCGA § 19-6-32 (a) (1) provides that after a child-support agency has obtained a judgment "establishing, enforcing, or modifying a child support obligation . . . , the court shall enter a separate order for income deduction if one has not been entered."

In the instant case, the trial court ruled that appellee was in contempt of court, based on his failure to pay his support obligations. However, the court ruled that income-deduction orders are not mandatory, and declined the DHR's request to impose one in this case.

The DHR appeals, contending that income-deduction orders are mandatory. We agree. OCGA § 19-6-32 (a) (1) provides that, in a child-support recovery action, a trial court "shall enter" an income-deduction order. The language of § 19-6-32 thus plainly mandates income-deduction orders. In this case, we therefore reverse that part of the trial court's order in which the court ruled that income-deduction orders are not mandatory.

*Judgment reversed in part. All the Justices concur.*

DECIDED JANUARY 9, 1991.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.

Peter Pernice, *pro se.*

