THE PEOPLE *ex rel.* DEANA MASSEY, Plaintiff-Appellant, v. TROY E. JONES, Defendant-Appellee.

Fourth District   No. 4—91—0610

Opinion filed August 24, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Tanya Solov, Assistant Attorney General, of Chicago, of counsel), for appellants.

No brief filed for appellee.

JUSTICE COOK delivered the opinion of the court:

Plaintiff State of Illinois appeals from the trial court's entry of an order of withholding against defendant Troy Jones, alleging that the court erred when it refused to include a delinquency amount in that

order. We reverse and remand with instructions to include such an amount.

Plaintiff filed a petition to establish parentage and support of relator's child, Tinisha Jones. Defendant admitted he is the father, and the court entered a consent order of parentage. Since defendant was unemployed at the time of hearing, his obligations regarding child support and medical insurance were reserved. When plaintiff later learned defendant had become employed, plaintiff filed a petition requesting that the circuit court of Macon County enter a child support order against defendant and that an order for withholding be directed to defendant's employer. The court ordered defendant to pay $30 per week in current support. The court entered an order of withholding directing any payor of the defendant to withhold $30 per week for current child support, but refused plaintiff's request to include an amount to be withheld toward a potential delinquency. No delinquency existed at the time of the order.

Plaintiff filed a motion to reconsider the order of withholding for its failure to specify an amount to be withheld should a delinquency occur. The judge denied the motion, and this appeal followed. The defendant, as appellee, has not filed a brief; however, we are able to decide the merits of this appeal without the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■ As does the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 706.1), the Illinois Parentage Act of 1984 (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 2501 *et seq.*) provides a number of remedies, in part mandated by Federal law, designed to improve child support enforcement. The relevant statutory provision, section 20 of the Act, requires that when an order of support is entered the court shall enter a separate order of withholding directing the payor (employer) of the obligor (one who owes support) to withhold the amount of support and an additional amount in the event of delinquency, and pay those amounts over to the public office (usually the circuit clerk or the Illinois Department of Public Aid), to be transmitted to the obligee (one entitled to support) as appropriate. Section 20 of the Act covers in great detail such subjects as exemptions, the duties of the payor, and enforcement. More specifically section 20 of the Act provides:

"(B) Entry of an Order for Withholding. ***

* * *

(3) The order for withholding shall:

(a) direct any payor to withhold a dollar amount equal to the order for support; and

(b) direct any payor to withhold an additional dollar amount, not less than 20% of the order for support, until payment in full of any delinquency stated in the notice of delinquency provided for in subsection (C) or (F) of this Section." (Ill. Rev. Stat. 1989, ch. 40, pars. 2520(B)(3)(a), (B)(3)(b).)

According to the terms of the Act, all orders of support entered by the trial court must be accompanied by a separate order for withholding which takes effect immediately, unless the parties enter into an alternative court-approved agreement. Ill. Rev. Stat. 1989, ch. 40, par. 2520(B); see *In re Marriage of Wyant* (1990), 197 Ill. App. 3d 538, 541-42, 554 N.E.2d 782, 784.

The trial court viewed section 20 of the Act, which requires the delinquency amount be specified when the withholding order is entered, as interfering with its prerogative in entering orders. In the opinion of the trial court, designation of a specific additional amount to be withheld in the event of delinquency was an improper anticipatory order. The trial court suggested that under the Act (Ill. Rev. Stat. 1989, ch. 40, par. 2501 *et seq.*) "once the *Court* determines that the procedures concerning delinquencies have been met, then the order for withholding (including the then existing delinquency) shall be issued." (Emphasis in original.) Finally, the trial court observed that the statute requiring designation of a delinquency amount provided the amount would be "an additional dollar amount, not less than 20% of the order for support" (Ill. Rev. Stat. 1989, ch. 40, par. 2520(B)(3)(b)), and designation of an amount greater than 20% was "a decision for the Court, not for [the Illinois Department of Public Aid]."

The argument that courts determine what should be contained in court orders, and that the legislature has no say in the matter, was definitively rejected in *People ex rel. Sheppard v. Money* (1988), 124 Ill. 2d 265, 285, 529 N.E.2d 542, 551, where the procedural requirements of section 20 were held not to be an unconstitutional legislative encroachment upon the judiciary. (*Cf. People v. Davis* (1982), 93 Ill. 2d 155, 160-61, 442 N.E.2d 855, 857 (statute requiring that judge imposing sentence specify the reasons that led to his sentencing determination attempts to dictate the actual content of the judge's pronouncement of sentence; to construe that statute as mandatory would permit a legislative infringement upon the exercise of the judicial function).) The legislature may not tell the courts how contested facts are to be decided, but it may tell the courts what the con-

sequences of a particular finding of fact shall be. Instead of requiring the court to include a delinquency amount in its withholding order, the legislature could have made that portion of section 20 directly binding on payors. The advantage of involving the court is flexibility: if a delinquency amount in excess of 20% of the support order is desirable, the court is in a position to order it. We find nothing in the statute which allows the Illinois Department of Public Aid, as opposed to the court, to designate amounts in excess of 20% of the support order.

The plain language of the Act indicates that the court must designate the payment amount for a potential delinquency at the time the order for withholding is entered; this aspect of the withholding order is contingent in nature, *i.e.*, such an order *shall* direct and specify such an additional amount but its deduction does not commence unless and until a delinquency occurs. We find no statutory language allowing entry of an order of withholding when the court determines it is appropriate. Specifically, the statute states that the court "shall" direct the payor to withhold an "additional dollar amount" until payment in full of any subsequent delinquency. (Ill. Rev. Stat. 1989, ch. 40, par. 2520(B)(3)(b).) In interpreting section 20(B) of the Act, use of the word "shall" indicates a mandatory obligation unless the statute indicates otherwise. *Sheppard*, 124 Ill. 2d at 274, 529 N.E.2d at 546; see also *In re Marriage of Bergman* (1989), 183 Ill. App. 3d 897, 539 N.E.2d 872 (a case decided prior to the 1989 statutory amendments holding the trial court has no discretion to refuse to issue an order for withholding once an obligor becomes delinquent).

Our General Assembly complied with the Federal mandate in enacting the Act. (*Sheppard*, 124 Ill. 2d at 271, 529 N.E.2d at 545.) Requiring the trial court to enter a delinquency amount comports with the intentions of the Federal statute. Where, as here, a custodial parent seeks support enforcement through a State's agency, the procedure for income withholding must be triggered whenever the absent parent fails to make payments for one month's support. (*Sheppard*, 124 Ill. 2d at 271, 529 N.E.2d at 545, citing 45 C.F.R. §§303.100(a)(4), (b)(1) (1986).) Federal regulations also state that withholding " 'must occur without the need for any amendment to the support order *** or for any further action *** by the court or other entity which issued [it].' " *Sheppard*, 124 Ill. 2d at 271, 529 N.E.2d at 545, quoting 42 U.S.C. §666(b)(2) (Supp. III 1985), and further citing 45 C.F.R. §303.100(a)(4) (1986).

■ Although support orders generally may not anticipate future events and must be based on present ability to pay (*In re Marriage of*

*Moore* (1983), 117 Ill. App. 3d 206, 209, 453 N.E.2d 102, 105; *Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 134, 416 N.E.2d 785, 791-92), the value of fixed guidelines has been recognized and their validity upheld. (See *Carnes v. Dressen* (1991), 215 Ill. App. 3d 166, 574 N.E.2d 845; *In re Marriage of Blaisdell* (1986), 142 Ill. App. 3d 1034, 492 N.E.2d 622; *In re Marriage of Cook* (1986), 147 Ill. App. 3d 134, 497 N.E.2d 1029.) The minimum 20% of the order of support as a delinquency amount is no more improper than the various percentage floors set by the guidelines for current support. The legislature has determined that all (or almost all) obligors should have an additional amount of not less than 20% of the child support ordered to be withheld from their income when they allow a delinquency to occur. That is a minimum, and further withholding may be awarded if the facts existing at the time of delinquency warrant it.

In the event of default plaintiff will still be obligated to follow the procedure outlined for notice of delinquency (Ill. Rev. Stat. 1989, ch. 40, par. 2520(C)), but the order will already provide for an amount to be taken out for each delinquent payment. This could lead to more expeditious payment of delinquent amounts. In those few cases where a 20% delinquency withholding would be excessive, the obligor has the right to challenge any determination through the courts and to have withholding cancelled or modified. *Sheppard*, 124 Ill. 2d at 276, 529 N.E.2d at 547.

For the foregoing reasons, we reverse and remand to the trial court with instructions to enter an additional dollar amount for any potential delinquency in the order of withholding.

Reversed and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.