A93A1722. DEPARTMENT OF HUMAN RESOURCES
v. BRANDENBURG.

(440 SE2d 498)

ANDREWS, Judge.

The application to appeal of the Department of Human Resources was granted to consider the trial court's refusal to issue an income deduction order pursuant to OCGA § 19-6-32. We reverse.

A divorce and support order was entered in January 1986 under which Ms. Brandenburg received custody of the minor child. Mr. Brandenburg, appellee, was ordered to pay weekly child support. From February 1992 until November 1992, Ms. Brandenburg received Aid to Families With Dependent Children. The department filed its petition to modify the divorce decree so that payments would be made directly to the child support receiver and requesting that an income deduction order be entered.[1]

The court, noting that Mr. Brandenburg was not in arrears on his child support payments at that time, "decline[d] to allow an income deduction order to collect Respondent's support obligation."

Under OCGA § 19-11-6 (a), the recipient of public assistance "shall be deemed to have made an assignment to the department of the right to any child support owed for the child."

While, upon a showing of good cause, the court in its discretion may determine when the income deduction order is to be effective, OCGA § 19-6-32 (c), whether to issue such an order in this situation is not discretionary, but mandatory. *Ga. Dept. of Human Resources v. Pernice*, 260 Ga. 732 (399 SE2d 65) (1991).

*Judgment reversed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JANUARY 25, 1994.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Cynthia H. Frank, Staff Attorney*, for appellant.

Keith W. Brandenburg, *pro se.*

---

[1] The divorce decree contained the statutorily mandated language of OCGA § 19-6-30, which provides for continuing garnishment upon a failure to make child support payments.