A93A1985. DEPARTMENT OF HUMAN RESOURCES
v. CHAPPELL.
(440 SE2d 722)

COOPER, Judge.

The trial court declined to enter an income deduction order in this child support recovery action, and we granted this application for discretionary appeal brought by the Georgia Department of Human Resources (DHR).

Appellee and his wife divorced in 1991. The final decree required appellee to pay $53 a week in child support. Appellee fell behind in payments and was in substantial arrears. The DHR brought this petition for contempt seeking to enforce appellee's obligation to pay support and requesting the trial court to enter an income deduction order pursuant to OCGA § 19-6-32 (a) (1). The trial court found appellee in wilful contempt for failing to pay child support and ordered him to pay $53 a week to the minor child's day-care center and $100 every other week to the Child Support Receiver's Office until the arrears were liquidated. However, the court declined to enter an income deduction order.

The DHR contends the trial court's refusal to enter an income deduction order was error. Specifically, the DHR contends that the trial court was required to enter such an order but has discretion to determine when and if such an order shall become effective. OCGA § 19-6-32 (a) (1) provides that after July 1, 1989, upon a child support agency's obtaining "a judgment establishing, enforcing, or modifying a child support obligation . . . the court, referee of the court, or administrative hearing officer *shall enter* a separate order for income deduction if one has not been entered." (Emphasis supplied.) The Georgia Supreme Court has held that the language of OCGA § 19-6-32 "plainly mandates income-deduction orders" and that such orders are mandatory. *Ga. Dept. of Human Resources v. Pernice*, 260 Ga. 732, 733 (399 SE2d 65) (1991). OCGA § 19-6-32 (c) provides that: "The income deduction order under [OCGA § 19-6-32 (a)] is effective immediately unless the court upon good cause shown finds that the income deduction shall be effective upon a delinquency in an amount equal to one month's support or a written agreement is reached between both parties which provides for an alternative arrangement."

Because the DHR obtained a judgment after July 1, 1989, enforcing appellee's obligation to pay child support, the trial court should have entered a separate income deduction order pursuant to OCGA § 19-6-32 (a) (1). (But see OCGA § 19-6-32 (a.1) (1) concerning child support orders initially issued after January 1, 1994, and not enforced under § 19-6-32 (a) at the time of issuance.) We note that the trial court may determine the effective date of the income deduction order as outlined in OCGA § 19-6-32 (c). Accordingly, that portion of the

trial court's order denying an income deduction order is reversed and the case is remanded for further proceedings consistent with this opinion.

*Judgment affirmed in part and reversed and remanded with direction in part. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 4, 1994.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Cynthia H. Frank, Staff Attorney*, for appellant.

Robert O. Chappell, *pro se.*