*In re* MARRIAGE OF ROBYN LYNN HOLMES, n/k/a Robyn Way, Petitioner, and ROBIN LEE HOLMES, Respondent-Appellee (The Department of Public Aid, Intervenor-Appellant).

Fourth District    No. 4—93—0516

Opinion filed April 21, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

JUSTICE LUND delivered the opinion of the court:

The Illinois Department of Public Aid (Department), intervening petitioner herein, appeals an order for withholding for child support entered by the circuit court of Macon County, which fails to provide for an amount to be withheld in the event of a potential delinquency. We reverse and remand.

Respondent Robin Holmes, as appellee, has not filed a brief. However, we are able to decide the merits of the appeal without the aid of an appellee's brief. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Respondent's marriage to petitioner Robyn Way was dissolved in May 1983. Custody of the couple's two minor children (born during the marriage) was granted to petitioner, who was then receiving public assistance payments from the Department. Child support from respondent was not set at that time, but jurisdiction was reserved on that issue. In July 1986, the Department filed a petition seeking to establish child support. In September 1986, an order for withholding was entered providing for deduction of $35 per week from respondent's wages for current support and $5 per week for any potential delinquency.

In December 1988, the Department filed a petition asking that respondent be held in civil contempt for failure to pay his child support, alleging that he had accumulated an arrearage of $2,865. Hearings were continued on this petition. In August 1989, another petition was filed, stating an alleged arrearage of $3,650. At a hearing in October 1989, respondent's child support was increased to $45 per week, with an extra $5 per week to be applied on an arrearage of $3,730. An order for withholding was entered accordingly. No amount for potential delinquency was stated in that order.

Shortly thereafter, respondent filed a motion to abate his child support payments on the basis that he had been laid off from his job.

Support was abated from October 26, 1989, until January 1, 1990, at which time support would be automatically reinstated. Another petition for civil contempt was filed by the Department in February 1990, stating an alleged arrearage of $3,940. Respondent was found to be in contempt by the trial court and ordered to immediately pay $50. An amended order for withholding was entered for $45 per week in current support and $5 per week toward respondent's arrearage. Once again, no potential delinquency amount was stated.

In March 1993, a final petition for civil contempt was filed by the Department, alleging respondent was in arrears for current child support payments in the amount of $1,740 and that his previously established arrearage was $2,843. After a hearing on this petition, the court found respondent to be in contempt. The court ordered that respondent could purge himself of contempt by paying $10 per week on the arrearage, rather than the $5 he had previously been ordered to pay, and by applying one-half his income tax refund to the arrearage. The Department presented the court with an amended order for withholding, providing for $45 per week in current support, $10 per week to be applied to an arrearage of $4,368, and $9 per week to be applied to any potential delinquency. The trial court refused to enter an order setting an amount of $9 per week for potential delinquency and struck this provision from the order. The Department filed a motion to reconsider. The court denied the motion, stating its reasoning in the following manner:

"In this case, I think what we are talking about is semantics. I understand what the State is asking for in the case, and I think it depends on how we use the terminology. The Statute says you are entitled to current support. The Statute says you are also entitled to an amount on delinquency, but the way I read the Statute, you are not entitled to a third bite on the arrearage. So, if you want to call this delinquency, the arrearage whichever, I think she is entitled to two bites out of the apple. She is entitled to one, a payment on the current support, and number two, either the arrearage or the delinquency, but I don't think she is entitled to all three. That's my reading of the case. So, if you would rather that I use this term of the ten dollars on delinquency rather than the arrearage, I can do that, but it would be the interpretation of the Court that she is not entitled to three bites. The way I read the Statute, she is entitled to two. So, if you would rather have this ten dollars called on the delinquency, which I think includes the arrearage, we can do that, but I am not going to enter three."

On appeal, the Department argues the trial court erred in its reasoning that an order for withholding cannot provide for payments on both a potential delinquency and an established arrearage. It argues

the two are not synonymous and that this case involves the proper interpretation of section 20 of the Illinois Parentage Act of 1984 (Parentage Act) (Ill. Rev. Stat. 1991, ch. 40, par. 2520). In fact, this case does not concern the Parentage Act but, instead, arises under section 706.1 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 706.1), as the parties' marriage was dissolved under the Act. Subsection (A)(1) of that section (Ill. Rev. Stat. 1991, ch. 40, par. 706.1(A)(1)) provides that "[o]rder for support" includes any order of the court which provides for the periodic payment of child support and includes, under subsection (a), any modification or resumption of, or payment of arrearage accrued under, a previously existing order. (Ill. Rev. Stat. 1991, ch. 40, par. 706.1(A)(1)(a).) Subsection (B) provides in pertinent part as follows:

"Entry of an Order for Withholding. (1) Upon entry of any order for support on or after January 1, 1984, the court shall enter a separate order for withholding which shall not take effect unless the obligor becomes delinquent in paying the order for support or the obligor requests an earlier effective date; except that the court may require the order for withholding to take effect immediately.
* * *
(3) The order for withholding shall:
(a) Direct any payor to withhold a dollar amount equal to the order for support; and
(b) Direct any payor to withhold an additional dollar amount, not less than 20% of the order for support, until payment in full of any delinquency stated in the notice of delinquency provided for in subsection (C) or (F) of this Section." (Ill. Rev. Stat. 1991, ch. 40, pars. 706.1(B)(1), (B)(3)(a), (B)(3)(b).)

The section also defines "arrearage" as "the total amount of unpaid support obligations." (Ill. Rev. Stat. 1991, ch. 40, par. 706.1(A)(2).) "Delinquency" is defined as "any payment under an order for support which becomes due and remains unpaid after an order for withholding has been entered under subsection (B)." (Ill. Rev. Stat. 1991, ch. 40, par. 706.1(A)(3).) Section 706.1(C)(1) states that whenever an obligor becomes delinquent in payment of support equal to at least one month's support obligation, or is at least 30 days late in complying with an order for support, the obligee or public office may prepare and serve a verified notice of delinquency on the payor. Ill. Rev. Stat. 1991, ch. 40, par. 706.1(C)(1).

This appears to be a case of first impression, as we are unable to locate (nor has the Department cited) any cases that have dealt with the precise question presented here. Both section 706.1 of the Act and section 20 of the Parentage Act (which contain identical provisions for mandatory income withholding) were enacted in fulfillment

of Federal mandates to the States to provide for more efficient collection of child support. (See *People ex rel. Massey v. Jones* (1992), 233 Ill. App. 3d 411, 414, 599 N.E.2d 48, 50.) The history behind these mandates was recounted by our supreme court in *People ex rel. Sheppard v. Money* (1988), 124 Ill. 2d 265, 529 N.E.2d 542, where that court upheld the constitutional validity of the mandatory income-withholding provisions of section 20 of the Parentage Act.

Contrary to the opinion of the trial court in this case, the terms "arrearage" and "delinquency" are not synonymous. Both terms are specifically and separately defined in the Act. Although the trial court ordered certain deductions from respondent's wages applied to his already established arrearage, the statute requires that a further amount be deducted to apply to a potential delinquency. That amount is to be not less than 20% of the order for support—in this case, $9 per week. This provision is mandatory, as is evidenced by the use of the word "shall" in section 706.1(B)(3)(b) of the Act. The use of such a term indicates that the court has no discretion in the matter. (See *Massey*, 233 Ill. App. 3d at 414, 599 N.E.2d at 50.) The purpose of this provision for a contingent deduction is to comply with Federal law and regulations, specifically the Child Support Enforcement Amendments of 1984 (Pub. L. No. 98—378, 98 Stat. 1306 (1984) (codified as amended at 42 U.S.C. § 666 (Supp. III 1985))) and regulations thereunder, which require that withholding occur without the need for any amendment to the support order or any further action by the court issuing the withholding order. (See 45 C.F.R. § 303.100(a)(4) (1986).) Should respondent become delinquent in his current support payments, petitioner or the Department must still comply with the statutory procedures for serving a notice of delinquency on respondent and his employer (Ill. Rev. Stat. 1991, ch. 40, par. 706.1(C)), thus giving respondent an opportunity to be heard should there be a *bona fide* dispute concerning the alleged delinquency. There is no longer any doubt that the statute incorporates the necessary safeguards to protect the due process rights of all parties involved. See *Sheppard*, 124 Ill. 2d at 275, 529 N.E.2d at 547.

For the reasons stated, we reverse the April 1, 1993, trial court's refusal to set an amount for potential delinquency. On remand, the trial court shall enter an order of withholding in the amount of $9 for potential delinquency, and the order shall provide for the clerk of the court to give, upon failure to receive the support and arrearage payments, a notice of additional withholding to the employer.

Reversed and remanded with instructions.

KNECHT and GREEN, JJ., concur.