S95A0411. GEORGIA DEPARTMENT OF HUMAN RESOURCES v. WORD.
(458 SE2d 110)

HUNT, Chief Justice.

In a petition for contempt against Michael O. Word based on Word's arrearage in child support payments the Department of Human Resources (DHR) sought a separate income deduction order

---

under OCGA § 19-6-30 (c) et seq. Following a hearing the trial court declined to hold Word in contempt, finding among other mitigating circumstances that Word had paid the arrearage. Further, the trial court refused to enter an income deduction order holding, sua sponte, OCGA § 19-6-32 (a), which requires mandatory income deduction orders in certain child support cases, unconstitutional because it violates the doctrine of separation of powers.[1] We granted DHR's application to appeal and we reverse and remand because the legislature, in establishing mandatory income deduction orders in child support cases, infringed neither on judicial authority nor function.

OCGA § 19-6-32 (a) states that on application to DHR and on entry of a judgment of child support in a case in which DHR is involved, the court "shall enter a separate order for income deduction if one has not been entered."[2] The order directs the employer of the party obligated to pay support to deduct current and past due child support from that party's income.[3] This statute is part of the laws our state legislature passed in order to implement various federal amendments to Title IV-D of the Social Security Act. Those amendments require states to establish income withholding as a method of enforcing all child support orders and condition a state's receipt of Federal Aid to Families with Dependent Children (AFDC) on compliance with the federal legislation.[4] The unmistakable congressional intent of the federal mandate to impose income deduction is the establishment of a speedy and simple method for the withholding of wages or other income to ensure child support is paid promptly and efficiently.[5]

---

[1] Following the hearing the trial court expressed its belief that the statute violated the employer's due process rights. However, the trial court's final order invalidates the statute only on separation of powers grounds and this appeal does not present a due process challenge. Nevertheless, we note the overall scheme of OCGA § 19-6-30 et seq. provides notice to the party required to pay support, and to that party's employer, and an opportunity for both to request a hearing to contest the enforcement of the income deduction order under certain circumstances. OCGA § 19-6-33.

[2] DHR's involvement under OCGA § 19-11-6 results either from its payment of public assistance on behalf of the child, or a party's application to DHR for assistance in collection of child support. OCGA § 19-6-32 (a) became effective July 1, 1989 and limited mandatory income deduction orders to DHR-related cases. However, the federal legislation requiring states to implement payroll deduction orders in DHR-related cases also provided that states require the same provision in non-DHR cases by January 1, 1994. Accordingly, the 1994 amendment to OCGA § 19-6-32 (a) requires that *all* child support orders issued after January 1, 1994 not being enforced under OCGA § 19-6-32 (a) — that is, *all* child support orders — provide for immediate withholding of support from the wages of the parent required to furnish support except under limited circumstances. OCGA § 19-6-32 (a.1). Although the provisions of § 19-6-32 (a) and (a.1) are similar, this case is a DHR-related one under § 19-6-32 (a).

[3] OCGA § 19-6-32 (b).

[4] 42 USC §§ 601 et seq., 651 et seq., 666 (a), (b) (West 1991 & Supp. 1995). For the legislative history of the federal and state amendments regarding income deduction orders, see 10 Ga. St. U. L. Rev. 230 (1989); 6 Ga. St. U. L. Rev. 230 (1989).

[5] S. Rep. No. 377, 100th Cong., 2d Sess., *reprinted in* 1988 U. S. CODE CONG. & AD-

1. The trial court held that the mandatory income deduction order[6] constitutes an attempt by the legislature to deprive the courts of their equitable injunctive power by requiring the courts to issue an injunction to collect a civil debt. In analyzing whether the statute violates the separation of powers doctrine of our state constitution we note at the outset the presumption that acts of the legislature are constitutional, and our duty to construe an act as constitutional where possible.[7] We also note that while our state constitution's doctrine of separation of powers[8] declares that the three branches of government shall be separate and distinct, the doctrine does not mean a separation in all respects.[9]

The mandatory income deduction statute does not violate the separation of powers doctrine. The statute is one of procedure not substance, requiring simply that, where a court has determined a level of child support and ordered support, it then must issue an income deduction order. It does not require the court to decide contested facts in any way; rather, it dictates what the consequences of a court's judgment shall be.[10] Although the legislature may not invest itself with judicial power, the three branches are coordinate parts of one government, and the legislature may invoke the action of the judicial branch so long as it does not assume the constitutional "field of action" of that branch.[11] The Supreme Court has stated that in determining what the legislature may do in invoking assistance from the judiciary, "the intent and character of that assistance must be fixed according to common sense and the inherent necessities of the governmental coordination."[12] Common sense and the inherent necessities of governmental coordination involved in the field of child support demonstrate that the mandatory income deduction provision is part of a plan based on a mutual goal to alleviate the problem of delinquent child support. To the extent the legislature has established judicial action as part of that plan, it has not improperly infringed on

---

MIN. NEWS 2776, 2785. See *People ex rel. Sheppard v. Money,* 529 NE2d 542, 545 (Ill. 1988).

[6] In *Ga. Dept. of Human Resources v. Pernice,* 260 Ga. 732 (399 SE2d 65) (1991) in which we were not called upon to address a constitutional challenge, we held the income deduction order under OCGA § 19-6-32 (a) (1) is mandatory.

[7] *Brugman v. State,* 255 Ga. 407, 414 (5) (339 SE2d 244) (1986).

[8] Art. I, Sec. II, Par. III of the Constitution of the State of Georgia of 1983.

[9] *Dept. of Transp. v. City of Atlanta,* 260 Ga. 699, 702 (1) (398 SE2d 567) (1990).

[10] See *People ex rel. Massey v. Jones,* 599 NE2d 48, 50 (Ill. 1992). Cf. *Knight v. State,* 243 Ga. 770 (1) (257 SE2d 182) (1979) (Mandatory sentencing of second offenders does not violate separation of powers); see also *Isom v. State,* 261 Ga. 596 (408 SE2d 701) (1991) (upholding mandatory life sentence for a second conviction for selling cocaine).

[11] *G. W. Hampton, Jr. & Co. v. United States,* 276 U. S. 394, 406 (48 SC 348, 72 LE 624) (1928).

[12] Id. See *State ex rel. Keasling v. Keasling,* 442 NW2d 118, 121 (Ia. 1989).

any judicial function.[13]

2. The income deduction provisions of the Code state that income deduction orders under § 19-6-32 (a) become effective immediately unless the court "upon good cause shown" finds that it "shall be effective upon the delinquency in an amount equal to one month's support" or unless the parties agree otherwise. OCGA § 19-6-32 (c). The trial court correctly construed this section as providing a delayed trigger for the implementation of the order, not affecting the trial court's duty to enter the order in the first instance. Because the trial court held § 19-6-32 (a) unconstitutional, it did not reach the issue of whether Word showed good cause so that the effective date of the order should be delayed. Therefore, we remand this appeal to the trial court for that determination.

In remanding, we direct the trial court that good cause is the exception and should be found cautiously and only under narrow circumstances. Any finding of good cause not to require immediate withholding "must be based on at least a written determination that implementing immediate wage withholding would not be in the best interest of the child" and in cases involving modification of support orders, proof of timely payment of previously ordered support.[14] However, in no case is the fact that the obligated parent is current in his or her support obligation, in itself, "good cause."[15]

For the above reasons, we reverse and remand this case to the trial court to issue an income deduction order under OCGA § 19-6-32 (a) which order shall be effective immediately unless the trial court determines in accordance with this opinion that Word has demonstrated good cause to delay implementation.

*Judgment reversed and case remanded. All the Justices concur, except Benham, P. J., who concurs in the judgment only.*

DECIDED JUNE 12, 1995.

*Michael J. Bowers, Attorney General, Kevin M. O'Connor, Assistant Attorney General, Shirley A. Champa, for appellant.*

---

[13] See generally *Froug v. Harper,* 220 Ga. 582 (140 SE2d 844) (1965), upholding against a separation of powers challenge the child selection provision of Ga. L. 1962 (now OCGA § 19-9-1) (a)) allowing a 14-year-old to select the parent with whom he or she desires to live.

[14] See OCGA § 19-6-32 (a.1) (1). These provisions are in compliance with the federal regulations for mandatory deduction orders in DHR-related cases. 45 CFR § 303.100 (b) (i) (revised as of October 1, 1994).

[15] Id. See also *Shipley v. Shipley,* 509 NW2d 49, 54 (N.D. 1993); *State ex rel. Stutler v. Watt,* 424 SE2d 771, 775 (W. Va. 1992).