## A95A2611. DEPARTMENT OF HUMAN RESOURCES v. WOOD.
(466 SE2d 663)

McMURRAY, Presiding Judge.

As authorized by OCGA § 19-6-28 (b), the Georgia Department of Human Resources ("DHR") petitioned the Superior Court of Cobb County, Georgia, for a contempt citation, alleging that respondent Gilbert G. Wood had "refused and neglected to provide support for [his] minor children. . . ." Specifically, the petition claimed that court-ordered child support in the amount of $14,200 had accrued but that respondent had paid only $11,350, leaving him in arrears in the amount of $2,850. A divorce decree entered April 8, 1994, is attached as an exhibit to the petition. The record contains no response filed by respondent.

After a hearing, the superior court determined that respondent is obligated to pay court-ordered child support in the amount of $700 per month and alimony in the amount of $600 per month, according to the divorce decree; that these amounts were determined (by agreement) at a time when respondent's annual income exceeded $60,000 whereas respondent's present income is approximately $27,000 per annum; that there has been no modification of the original divorce decree; but that respondent is not in arrears with respect to child support although he "is in arrears in payment of alimony in the sum of $4317.16," which he does not have the ability to pay. Consequently, the superior court concluded that respondent was not in wilful contempt of its previous order. The superior court did grant judgment against respondent for the $4,317.16 in back alimony and further ordered respondent to "make his future child support payments to the Cobb County Child Support Receiver . . . by certified check, money order or cash at the Receiver's office." However, the superior court "refuse[d] to grant an Income Deduction Order in any form, as requested by Petitioner[, DHR]."

DHR's application for discretionary appeal was granted and a timely notice of appeal was filed. *Held:*

DHR contends the trial court erred in refusing to enter an in-

come deduction order.[1] We agree that the refusal to enter an income deduction order, as requested by DHR, with respect to a child support or spousal support judgment entered after July 1, 1989, was procedural error.

"All child support orders which are initially issued in this state on or after January 1, 1994, and are not at the time of issuance being enforced under subsection (a) of this Code section *shall* provide for the immediate withholding of such support from the wages of the parent required by that order to furnish support. . . ." (Emphasis supplied.) OCGA § 19-6-32 (a.1) (1). The April 8, 1994 divorce decree in the case sub judice failed to include such an income deduction order when it was first issued. Nevertheless, after July 1, 1989, "upon the application to the child support (IV-D) agency[, i.e., DHR,] and upon the entry of a judgment establishing, enforcing, or modifying a child support obligation or spousal support obligation under subsection (d) of Code Section 19-11-6, the court, referee of the court, or administrative hearing officer *shall* enter a separate order for income deduction if one has not been entered." (Emphasis supplied.) OCGA § 19-6-32 (a) (1). "The language of [OCGA] § 19-6-32 thus plainly mandates income-deduction orders." *Ga. Dept. of Human Resources v. Pernice,* 260 Ga. 732, 733, supra. "The obligor cannot prevent it[.]" *Dept. of Human Resources v. Offutt,* 217 Ga. App. 823, 826 (459 SE2d 597). "Because the DHR [in the case sub judice] obtained a judgment after July 1, 1989, enforcing [respondent's] obligation to pay [spousal] support, the [superior] court should have entered a separate income deduction order pursuant to [the mandate of] OCGA § 19-6-32 (a) (1). . . . We note that the [superior] court may determine the effective date of the income deduction order as outlined in OCGA § 19-6-32 (c). [See also *Ga. Dept. of Human Resources v. Word,* 265 Ga. 461, 464 (2) (458 SE2d 110).] Accordingly, that portion of the [superior] court's order denying an income deduction order is reversed and the case is remanded for further proceedings consistent with this opinion." *Dept. of Human Resources v. Chappell,* 211 Ga. App. 834 (440 SE2d 722). Accord *Ga. Dept. of Human Resources v. Pernice,* 260 Ga. 732, 733, supra.

*Judgment reversed and remanded. Andrews, J., concurs. Blackburn, J., concurs in judgment only.*

---

[1] "An income-deduction order is directed to the employer of a person obligated to provide child support. The order requires the employer to deduct from the employee's income an amount set by the court to meet the employee's support obligation, including arrearages. See [OCGA] §§ 19-6-32; 19-6-33." *Ga. Dept. of Human Resources v. Pernice,* 260 Ga. 732, fn. 1 (399 SE2d 65).

DECIDED JANUARY 4, 1996.

*Michael J. Bowers*, Attorney General, *William C. Joy*, Senior Assistant Attorney General, *Kevin M. O'Connor*, *Stephanie M. Baldauff*, Assistant Attorneys General, for appellant.

*D. Robert Autrey, Jr.*, *Linda J. Spievack*, for appellee.

