## S04A1359. ALBANY SURGICAL, P.C. v. GEORGIA DEPARTMENT OF COMMUNITY HEALTH et al.

(602 SE2d 648)

THOMPSON, Justice.

This marks the second appearance of this case in our appellate courts. Previously, in *Albany Surgical, P.C. v. Dept. of Community Health*, 257 Ga. App. 636 (572 SE2d 638) (2002), our Court of Appeals affirmed the grant of summary judgment to defendants, but remanded for a determination of the constitutional issues raised, but not ruled on, in the trial court.

Albany Surgical brought a declaratory judgment action against defendants seeking a declaration that Ga. Comp. R. & Regs. Rules 272-2-.01 (19) (h) 3 and 272-2-.09 (1) (b) 10, which provide that an ambulatory surgery center requires a Certificate of Need (CON) because it does not qualify for a single specialty exemption, are invalid because they are not authorized by the CON statutes and are unreasonable. The parties filed cross motions for summary judgment. Responding to defendants' motion, Albany Surgical challenged the regulations on constitutional grounds, asserting the procedure for approving the regulations violated the separation of powers doctrine. See Ga. Const. Art. I, Sec. II, Par. III.[1]

The trial court granted defendants' motion for summary judgment, but it did not rule upon any constitutional concerns. Accordingly, when Albany Surgical first appealed to this Court, we transferred the appeal to the Court of Appeals. See *Senase v. State*, 258 Ga. 592 (372 SE2d 813) (1988).

The Court of Appeals affirmed the grant of summary judgment to defendants, ruling that the regulations were authorized by statute, OCGA § 31-6-21 (b) (4), and that they were reasonable. *Albany Surgical, P.C. v. Dept. of Community Health*, supra at 637-640. But that court also remanded the case for a ruling on Albany Surgical's constitutional claim.

---

[1] This paragraph provides: "The legislative, judicial, and executive powers shall forever remain separate and distinct; and no person discharging the duties of one shall at the same time exercise the functions of either of the others except as herein provided."

On remand, Albany Surgical asserted it was entitled to judgment on its constitutional claims. The trial court again entered summary judgment for defendants, finding no constitutional infirmity. This appeal followed.

1. In two of its enumerations of error, Albany Surgical asserts Rule 272-2-.09 (1) (b) 10 is unconstitutional because the Department of Community Health lacked the authority to promulgate it, and, even if it had the authority, it is unreasonable. We find that these arguments were addressed by the Court of Appeals in the previous appellate appearance of this case. Although that court did not determine the *constitutionality* of the rule, it did decide that the regulation was *authorized, Albany Surgical, P.C. v. Dept. of Community Health,* supra at 637, and *reasonable.* Id. at 640. Albany Surgical has offered no compelling reason why that decision should not control here. To the extent that Albany Surgical attempts to reargue the decision by repainting the issues with an "unconstitutional" brush, we find the "new" argument to be unpersuasive. The regulation was authorized and reasonable; it is not unconstitutional. See *Dept. of Transp. v. Del-Cook Timber Co.,* 248 Ga. 734, 737 (3) (285 SE2d 913) (1982).

2. To promulgate a regulation, the Department of Community Health sends the proposed regulation to legislative counsel, who forwards it to the legislative health committees. If both committees object within 30 days, the proposed regulation cannot be adopted. OCGA § 31-6-21.1 (c). If, on the other hand, both committees do not object, the regulation may be adopted. OCGA § 31-6-21.1 (b). If only one committee objects, the legislature may, by resolution, override the regulation by two-thirds of the votes of each house. If a majority, but less than two-thirds, approves the resolution, it is submitted to the governor for his approval or veto. If the governor approves the resolution, the rule is void. OCGA § 31-6-21.1 (d).

Albany Surgical argues that this procedure is unconstitutional because it permits a proposed regulation to become effective by "legislative acquiescence."[2] In this regard, Albany Surgical posits that the silence of the health committees cannot be construed as ratification of the regulation by the entire legislature without violating the separation of powers,[3] legislative enactment, bicameralism

---

[2] In its opinion, the Court of Appeals described the procedure set forth in OCGA § 31-6-21.1 and correctly found that it created a presumption that a proposed regulation correctly expresses the legislative intent. *Albany Surgical, P.C. v. Dept. of Community Health,* supra at 639.

[3] Constitution of State of Georgia, Art. I, Sec. II, Par. III. Initially, Albany Surgical attacked the constitutionality of the statute on this ground alone. After remand, Albany Surgical expanded its constitutional arguments in opposition to defendants' summary judgment motions.

and presentment provisions[4] of our constitution.

Keeping in mind the rule that the constitutionality of a statute is presumed, and that all doubts must be resolved in favor of its validity, *Ga. Dept. of Human Resources v. Word*, 265 Ga. 461 (458 SE2d 110) (1995), we examine Albany Surgical's separation of powers argument. Of course, "it has long been recognized that the General Assembly is empowered to enact laws of general application and then delegate to administrative officers or agencies the authority to make rules and regulations necessary to effectuate such laws. [Cits.]" *Dept. of Transp. v. Del-Cook Timber Co.*, 248 Ga. at 737 (3), supra. Thus, it cannot be said that OCGA § 31-6-21.1 violates the separation of powers doctrine simply because it enables the Department of Community Health to promulgate and adopt regulations pursuant to a delegated power. Does the statute go further, and mix the legislature's power to make the laws, with the executive's power to enforce them? We think not. The statute does not invest the legislature with executive power; nor does it invest the executive with legislative power. These powers remain, for all practical purposes,[5] separate and distinct. Compare *INS v. Chadha*, 462 U. S. 919 (103 SC 2764, 77 LE2d 317) (1983), with *Ga. Dept. of Human Resources v. Word*, supra. Thus, it cannot be said that the statute in question violates the separation of powers doctrine.

Nor can it be said that the statute runs afoul of our constitution's enactment, bicameralism and presentment provisions. The statute allows for the adoption of rules consistent with CON legislation; but it does not enable the Department of Community Health to make laws. As the Court of Appeals correctly pointed out, the failure of the legislative health committees to object to a proposed regulation creates a presumption that the regulation reflects the intent of the legislature.[6] But that is a far cry from saying that a proposed and adopted regulation becomes a *law*. See *Mead v. Arnell*, 791 P2d 410, 414 (Idaho 1990) (rules and regulations do not rise to the level of statutory law).

The bottom line is this: Regulations are not laws. Thus, they can be adopted without the procedural requirements necessary for the passage of legislation. They need not be presented to, and approved by a majority vote of, each legislative body. See *Dept. of Transp. v.*

---

[4] Constitution of the State of Georgia, Art. III, Sec. V, Par. V.

[5] Some overlap of functions between the three branches of government is inevitable and to be expected. After all, the three branches serve but one government. Thus, the separation of powers doctrine does not, and cannot, mean a complete separation in all respects. *Ga. Dept. of Human Resources v. Word*, supra.

[6] See footnote 3, supra.

*Del-Cook Timber Co.*, 248 Ga. at 737 (3), supra; *Georgia Oilmen's Assn. v. Ga. Dept. of Revenue*, 261 Ga. App. 393, 396 (582 SE2d 549) (2003).

OCGA § 31-6-21.1 is not unconstitutional for any of the reasons assigned.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Phears & Moldovan, Victor L. Moldovan, Brian E. Daughdrill,* for appellant.
*Thurbert E. Baker, Attorney General, Sidney R. Barrett, Jr., Assistant Attorney General, Parker, Hudson, Rainer & Dobbs, John H. Parker, Jr., Thomas D. Watry, Leo E. Reichert, Perry & Walters, James E. Reynolds, Jr.,* for appellees.